FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

JUN 2 3 2021

FOR THE DISTRICT OF NEW MEXICO

MITCHELL R. ELFERS
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | CRIMINAL NO. 21-853 WJ |
| ) | |
| vs.  ) | Count 1:  18 U.S.C. § 371: Conspiracy to Defraud the United States; |
| ) | |
| **DAVID WELLINGTON** and ) | |
| **JERRY SHROCK**,  ) | Count 2:  18 U.S.C. § 1960: Operation of an Unlicensed Money Transmitting |
| ) | |
| Defendants.  ) | Business. |

I N D I C T M E N T

The Grand Jury charges:

National Business Services

1.      Since at least 2005, in Bernalillo County, in the District of New Mexico, and elsewhere, **DAVID WELLINGTON** and his business partner, Unindicted Co-Conspirator 1 (UCC1) operated National Business Services, a business that was involved in the promotion, sale, and creation of Limited Liability Companies under New Mexico state law. **WELLINGTON** handled the marketing and client development for National Business Services, while UCC1 filed corporate documents, opened bank accounts, and managed the bank accounts for the clients.  All of UCC1's acts described herein took place within the scope of UCC1's affiliation with National Business Services.

2.      Through National Business Services, **WELLINGTON** and UCC1 created LLC businesses in New Mexico for clients.  One of the primary reasons for creating the LLCs in New Mexico is "privacy," because New Mexico does not require or maintain public records of the members of the LLC.

3.      After creating the LLC for their clients, National Business Services would obtain

an IRS Employer Identification Number ("EIN").  An EIN is a nine-digit number assigned by the

IRS which is used to identify the tax accounts of employers and certain others who have no

employees.

4.      For many clients, UCC1 would then use the EIN and corporate documents to open

a bank account in the name of the LLC for the client.  The actual names of the clients were not

listed on the bank accounts, and UCC1 maintained sole signatory authority for the bank

accounts.  The clients received debit cards, on-line bank access information, and pre-signed

checks with UCC1's signature, which the client could use to access the money despite the bank

never associating the client with the account.

5.      In this manner, **WELLINGTON** and UCC1 organized at least 192 LLCs in New

Mexico between 2005 and 2015.  UCC1 opened at least 114 bank accounts for these clients.  For

99 such bank accounts, UCC1 was the sole signatory authority on the account.  Between January

1, 2011 and July 31, 2018, over $40 million was deposited into the clients' accounts under

UCC1's control.

<u>White Top Enterprises</u>

6.      Since at least 2006, **JERRY SHROCK** was a client of **WELLINGTON** and

National Business Services.  **WELLINGTON** and UCC1, through National Business Services,

created several LLCs in New Mexico for **SHROCK**, including White Top Enterprise LLC.

**SHROCK** was not listed on the Articles of Organization, but UCC1 was listed as the

"Organizer" and the registered agent for each of the LLCs.

7.      UCC1 opened a bank account in the business name of White Top Enterprise.

UCC1 provided **SHROCK** with on-line access to the bank account and a book of pre-signed

2

checks with UCC1's signature. Between May 9, 2011, and June 30, 2015, using the White Top

Enterprise bank account, **SHROCK** deposited and later withdrew approximately $4,875,940, of

which at least about $4,347,101 was income.

8.    **SHROCK** never filed a personal or business tax return with the IRS reporting the

income. At the time of the deposits and withdrawals, **SHROCK** had an outstanding IRS lien for

unpaid taxes, penalties, and interest in the amount of about $1 million. Because it was not

opened in his personal name, the White Top Enterprise bank account enabled **SHROCK** to

generate and access income while evading the outstanding assessment and evading personal and

business taxes on the income.

### Count 1

1.    Paragraphs 1 through 8 above are hereby re-alleged and incorporated by

reference.

2.    From on or about January 28, 2005, and continuing to on or about March 14,

2017, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants,

**DAVID WELLINGTON**, UCC1, and **JERRY SHROCK**, knowingly, unlawfully and willfully

combined, conspired, confederated, agreed, and acted interdependently with one another and

with others known and unknown to the Grand Jury to defraud the United States by impeding,

impairing, obstructing and defeating the lawful functions of the Department of the Treasury in

the collection of the revenue; to wit, income and probate taxes.

### Manner and Means

3.    The manner and means by which **WELLINGTON** and **SHROCK** sought to

accomplish the objectives of the conspiracy included, among other things, the following:

      a.      Advertising and marketing to find clients seeking to conceal income from the IRS;

      b.      Registering LLCs in New Mexico without identifying the actual owner(s) on the filed corporate documents;

      c.      Obtaining EINs for the New Mexico LLCs;

      d.      Using the EINs and corporate documents to open bank accounts listing UCC1 as the only signatory authority;

      e.      Providing mail forwarding services to help conceal the identity of the actual owners of the LLCs;

      f.      Managing bank accounts and providing bank account access to the actual but unidentified owners of the funds in the accounts;

      g.      Operating and retaining National Business Services as an unlicensed money transmitting business, as described in Count 2, incorporated by reference;

      h.      Depositing and withdrawing business income through bank accounts that IRS could not associate with the actual owners.

## Overt Acts

4.      In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in the District of New Mexico, and elsewhere:

      a.      On or about January 28, 2005, **WELLINGTON** and UCC1 formed National Business Services, LLC, a New Mexico Domestic Limited Liability Company. They listed **WELLINGTON** as the organizer and UCC1 as the registered agent.

b.      Between 2005 and 2015, National Business Services registered approximately 192 LLCs on behalf of clients seeking to shield income from the IRS, each constituting an overt act;

c.      Between 2006 and 2014, National Business Services opened approximately 114 bank accounts for clients, of which at least 99 concealed the identity of the actual owner of the funds, each constituting an overt act;

d.      On or about January 7, 2011, UCC1 and National Business Services formed White Top Enterprise LLC on behalf of **SHROCK**;

e.      On or about May 9, 2011, UCC1 opened a bank account in the name of White Top Enterprise LLC, showing UCC1 as the only authorized signer, but intending the account to be for **SHROCK**'s use;

f.      Between May 9, 2011, and June 2, 2015, **SHROCK** caused approximately $4,875,940 to be deposited into the White Top Enterprise LLC bank account, each deposit constituting an overt act;

g.      Between May 9, 2011, and June 2, 2015, **SHROCK** issued approximately 405 checks drawn on the White Top Enterprise LLC bank account, totaling more than $1.5 million, each of which constitutes an overt act;

h.      On or about March 31, 2015, **SHROCK** and UCC1 caused a wire transfer in the amount of $352,216 from the White Top Enterprise LLC account for the purchase of a house for **SHROCK** and his family;

i.      On or about June 2, 2015, UCC1 closed the White Top Enterprise LLC bank account and withdrew approximately $13,386 on behalf of **SHROCK**;

j.      On or about July 13, 2016, **WELLINGTON** sent **SHROCK** a letter offering to buy back any LLCs **SHROCK** no longer needed;

k.      On or about March 14, 2017, **SHROCK** sent UCC1 a text message requesting information about the execution of a federal search warrant for evidence relating to National Business Services.

In violation of 18 U.S.C. § 371.

## Count 2

From on or about November 28, 2006, and continuing until on or about August 28, 2017, in Bernalillo County, in the District of New Mexico and elsewhere, the defendant, **DAVID WELLINGTON**, unlawfully, willfully, and knowingly conducted, controlled, managed, supervised, directed, and owned part of an unlicensed money transmitting business affecting interstate and foreign commerce, to wit, National Business Services LLC, while failing to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code, and regulations prescribed under such section, and while failing to register National Business Services LLC as a money transmitting business under federal law.

In violation of 18 U.S.C. § 1960.

## Forfeiture Allegation 1

Count 1 of this Indictment is hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461.

Upon conviction of any offense in violation of 18 U.S.C. § 371, the defendants, **DAVID WELLINGTON** and **JERRY SHROCK**, shall forfeit to the United States pursuant to 18

U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461, all property which constitutes or is derived from proceeds traceable to the commission of the offense.

The property to be forfeited to the United States includes but is not limited to the following:

MONEY JUDGMENT:

A sum of money, representing all property which constitutes or is derived from proceeds traceable to the commission of the offense.

SUBSTITUTE ASSETS:

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant:

    A.  Cannot be located upon exercise of due diligence;

    B.  Has been transferred or sold to, or deposited with, a third person;

    C.  Has been placed beyond the jurisdiction of the Court;

    D.  Has been substantially diminished in value;

    E.  Has been commingled with other property which cannot be subdivided without difficulty;

It is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

### Forfeiture Allegation 2

Count 2 of this Indictment is hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture to the United States pursuant to 18 U.S.C. § 982(a)(1).

7

Upon conviction of any offense in violation of 18 U.S.C. § 1960, the defendant, **DAVID WELLINGTON**, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all property, real or personal, involved in the offense and any property traceable thereto.

The property to be forfeited to the United States includes but is not limited to the following:

MONEY JUDGMENT:

A sum of money, representing all property, real or personal, involved in the offense and any property traceable thereto.

SUBSTITUTE ASSETS:

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant:

    A.  Cannot be located upon exercise of due diligence;

    B.  Has been transferred or sold to, or deposited with, a third person;

    C.  Has been placed beyond the jurisdiction of the Court;

    D.  Has been substantially diminished in value;

    E.  Has been commingled with other property which cannot be subdivided without difficulty;

It is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL:

_____/5/_____

FOREPERSON OF THE GRAND JURY

_____
Assistant United States Attorney