IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DAVID WELLINGTON and )<br>JERRY SHROCK, )<br>)<br>Defendants. ) | Case No. 1:21-cr-00853-WJ |

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR BILL OF PARTICULARS (Doc. 42)

**THIS MATTER** comes before the Court on Defendant Wellington and Defendant Shrock's Joint Motion for Bill of Particulars (Doc. 42). Having reviewed the parties' pleadings and the applicable law, the Court **GRANTS IN PART AND DENIES IN PART** the Motion.

### BACKGROUND

Defendants filed a Joint Motion to Dismiss the Indictment (Doc. 41), which the Court granted in part and denied in part (Doc. 55). They filed the instant Motion, requesting a Bill of Particulars in the event that the Motion to Dismiss was denied. The indictment charged both Defendants with one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371. Additionally, the indictment charged Defendant Wellington with one count of operating an unlicensed money transmitting business in violation of 18 U.S.C. § 1960. Defendants argue that the language in the indictment is unclear such that they are uncertain as to the nature of the charges against them.

Specifically, Defendants request the Court to order the government to answer the following questions regarding the indictment:

Introductory paragraphs:

1. Paragraph 1 of the Indictment states, "[a]ll of UCCl's acts described herein took place within the scope of UCC1's affiliation with National Business Services." Mr. Wellington and Mr. Shrock request the nature of the "affiliation" alleged and the "scope" alleged in paragraph 1;

2. Paragraph 7 of the Indictment states that "[b]etween May 9, 2011, and June 30, 2015, using the White Top Enterprise bank account, SHROCK deposited and later withdrew approximately $4,875,940 of which at least about $4,347,101 was income." However, the account was closed on June 2, 2015 according to page 5, paragraph 4(e) of the Indictment. The indictment fails to apprise why the Indictment accuses Mr. Shrock of depositing and withdrawing money from such account through June 30, 2015, when the account was closed almost a month earlier.

3. Paragraph 5 of the Indictments states, "over $40 million was deposited into the clients' accounts under UCC1's control." Mr. Wellington and Mr. Shrock have no details as to what the nature, or the purpose of the $40 million being in the Indictment;

4. Paragraph 6 alleges that Mr. Shrock was a "client" of Mr. Wellington and National Business Services. There are no details as to how Mr. Shrock was a co-conspirator, when he was listed as a client; and

5. Paragraph 8 alleges that Mr. Shrock had liens and an "outstanding assessment[.]" Yet, there are no details showing when liens were made against Mr. Shrock or when the "outstanding assessment" was made. These details are needed for the defense.

Count 1 paragraphs:

1. Paragraph 2 alleges the impeding, impairing, obstructing and defeating the lawful functions of the IRS in the collection of the revenue: to wit, income and probate taxes. There are two concerns in paragraph 2: first, what probate taxes does the IRS have authority to collect? and second, whose or what entity's income taxes are being collected by the IRS?;

2. Paragraphs 3b through 3f all reflect actions related to plural LLCs. The Mr. Wellington and Mr. Shrock need to know in detail what LLCs, EINs corporate documents, forwarding services, and bank accounts that Mr. Shrock had any relationship to other than as a client to Mr. Wellington and/or National Business Services LLC;

3. Paragraph 3g alleges "Operating and retaining National Business Services as an unlicensed money transmitting business, as described in Count 2, incorporated by reference." Count 2 contains no allegations demonstrating that Mr. Wellington, National Business Services LLC, Mr. Shrock or UCC1 operated a money transmission business, *i.e.,* someone received money from a customer and then for a fee transmitted the money to another recipient. In order to prepare a defense, Mr. Wellington and Mr. Shrock needs to know specifically what actions they took that allegedly constitute operating a money transmitting business;

4. Paragraph 3h alleges that Mr. Wellington and Mr. Shrock were, "[d]epositing and withdrawing business income through bank accounts that IRS could not associate with the actual owners." Mr. Wellington and Mr. Shrock need to know with specificity what bank accounts they were supposedly withdrawing and depositing;

5. Paragraphs 4b and 4c alleges 192 LLCs, 114 Bank accounts and 99 concealed identities, but gives no details. In order to prepare a viable defense for trial, Mr. Wellington and Mr. Shrock need to know the identities of the LLCs the government plans to reference at trial. Mr. Shrock also needs to know the details connecting him with these;

6. Paragraph 4f alleges Mr. Shrock deposited $4,875,940 in a bank account but gives no further details. To prepare a defense these details are needed and the nature of the deposits;

7. Paragraph 4g alleges Mr. Shrock wrote 405 checks on a bank account but gives no further details. To prepare a defense these details are needed and the nature of the checks;

8. Paragraph 4j alleges "[o]n or about July 13, 2016, WELLINGTON sent SHROCK a letter offering to buy back any LLCs SHROCK no longer needed." The allegation gives no detail as to how the letter impeded, impaired, obstructed or defeated the lawful functions of the IRS in the collection of income taxes. Mr. Wellington and Mr. Shrock must have the details showing how the letter impeded, impaired, obstructed or defeated the lawful functions of the IRS in the collection of income taxes; and

9. Paragraph 4k alleges, "[o]n or about March 14, 2017, SHROCK sent UCC1 a text message requesting information about the execution of a federal search warrant for evidence relating to National Business Services." The allegation gives no detail as to how the text message impeded, impaired, obstructed or defeated the lawful functions of the IRS in the collection of income taxes. Mr. Wellington and Mr. Shrock must have the details showing how the text message impeded, impaired, obstructed or defeated the lawful functions of the IRS in the collection of income taxes.

Count 2 paragraphs:

1. Count 2 contains no allegations demonstrating that Mr. Wellington or National Business Services LLC operated a money transmission business, *i.e.,* someone received money from a customer and then for a fee transmitted the money to another recipient. In order to prepare a defense, Mr. Wellington needs to know what specific actions are alleged he took, and when, that allegedly constituted operating a money transmitting business.

## **DISCUSSION**

A Bill of Particulars is authorized by Rule 7(f), which provides,

(f) Bill of Particulars. The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996); *see also United States v. Sepulveda*, 15 F.3d 1161, 1192–93 (1st Cir. 1993) ("Motions for bills of particulars are seldom employed in modern federal practice. When pursued, they need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause."). A defendant is entitled to know what specific factual violations the government intends to prove at trial and a Bill of Particulars is an appropriate means to provide such information. *United States v. Staggs*, 881 F.2d 1527, 1536 (10th Cir. 1989) (Logan, J., concurring); *see also United States v. Walters*, 188 F.R.D. 591, 596 (D. Kan. 1999). However, the Tenth Circuit has cautioned: "A bill of particulars . . . is not a discovery device." *United States v. Dunn,* 841 F.2d 1026, 1029 (10th Cir.1988). A defendant is "not entitled to all of the evidence the government intends to produce, but only the theory of the government's case." *Id.* at 1030. Indeed, "the applicable standard for whether a bill of particulars should issue is not whether the information sought would be helpful to the defense, but whether it is necessary." *United States v. Batista,* 2009 WL 910357 (E.D.N.Y. 2009).

In this instance, Defendants perplexingly state that they "are not requesting a detailed disclosure of evidence," while requesting just that. It appears that the substance of Defendants' Motion strikes at discovery, rather than a proper request for a Bill of Particulars. They request answers to 15 interrogatories, including the evidence that will be used to prove UCC1's affiliation with National Business Services, what $40,000,000 of deposits were used for, Shrock's liens and outstanding assessments, and the details of the LLCs, EINS corporate documents, deposits, checks, and bank accounts that Defendants allegedly utilized. These are detailed interrogatories based on information the Defendants already have in their possession in discovery—albeit, they admit that they have not reviewed all of the 60,000 pages of discovery. Nevertheless, that is not a proper

reason to request a Bill of Particulars. *See United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981) (providing that generalized discovery is not an appropriate function of a bill of particulars). As Defendants correctly note, it is not the function of a Bill of Particulars to disclose in detail the evidence upon which the Government will rely at trial. *See United States v. Barbieri*, 614 F.2d 715, 719-20 (10th Cir. 1980) (denying motion for bill of particulars because the indictment "furnished [the defendant] with the identity of the conspirators; it detailed over acts sufficient to sustain his conviction; and it specific the interstate facilities used."). As discussed in the Court's prior Memorandum Opinion and Order regarding the Motion to Dismiss (Doc. 55), the indictment sufficiently sets forth the elements and required factual bases such that Defendants may prepare their defense and assert a double jeopardy defense in the future. Defendants' current requests are for the "whens, wheres and hows" of actions not in the indictment, which is "tantamount to a request for 'wholesale discovery of the Government's evidence.'" *United States v. Armocida*, 515 F.2d 49, 54 (3rd Cir. 1975); *United States v. Mitlof,* 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001) ("The Government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendant committed the crime charged, or a preview of the Government's evidence or legal theories … What defendant seeks is in the nature of the 'wheres, whens and with whoms' that Courts have held to be beyond the scope of a bill of particulars). Defendants have "no right, under the guise of a bill particulars, to force the government to reveal the details of its plans to prove its case." *United States v. Groce*, 2016 WL 10703160 (W.D. Wis. 2016). As such, Defendants' request for a Bill of Particulars as to the following paragraphs are denied: Introductory paragraphs 1, 3, and 5; and Count 1 paragraphs 2, 4, 6, and 7.

The Court will now address the remainder of the requests specifically. Under Count 1, request 3, and the request for Count 2, Defendant Wellington requested information demonstrating that he operated a money transmitting business and received a fee from a customer. Under Count 1,

request 8, Defendants request information on how the letter that Wellington sent Shrock offering to buy back LLCs impeded the functions of the IRS. These arguments were made in Defendants' Motion to Dismiss and addressed in the Court's Opinion (Doc. 55). The Court will not address them again here, and finds that no additional information on these allegations is required to prepare a defense.

Defendants also stated under Introductory paragraph request 2 that there was no information showing how Defendant Shrock was a co-conspirator when the Indictment only alleges he was a "client." However, the Court finds the indictment self-explanatory, given its explanations of Shrock's access to bank accounts and checks, deposits and withdrawals, and failure to file a personal or business tax return reporting the income. The indictment states, "Because it was not opened in his personal name, the White Top Enterprise bank account enabled SHROCK to generate and access income while evading the outstanding assessment and evading personal and business taxes on the income." This sufficiently demonstrates the government's theory, and no additional information is necessary to mount a defense or avoid undue surprise.

Defendants next state the following under Count 1 request 9:

Paragraph 4k alleges, "[o]n or about March 14, 2017, SHROCK sent UCC1 a text message requesting information about the execution of a federal search warrant for evidence relating to National Business Services." The allegation gives no detail as to how the text message impeded, impaired, obstructed or defeated the lawful functions of the IRS in the collection of income taxes. Mr. Wellington and Mr. Shrock must have the details showing how the text message impeded, impaired, obstructed or defeated the lawful functions of the IRS in the collection of income taxes.

The Government appeared to concede in its Response to the Motion to Dismiss that this fact may not be relevant to an essential element in the conspiracy by not arguing this point when it was brought up. *See* Doc. 45 ("He further contends that over acts 4(j) and 4(k) [the text message] were not acts in furtherance of the conspiracy. At least as to overt acts 4(i) and 4(j), he is incorrect."). As such, the Court will not order a Bill of Particulars on this point. Defendants may make the proper relevancy arguments prior or during trial if needed.

Defendants state the following under Introductory paragraph 2:

Paragraph 7 of the Indictment states that "[b]etween May 9, 2011, and June 30, 2015, using the White Top Enterprise bank account, SHROCK deposited and later withdrew approximately $4,875,940 of which at least about $4,347,101 was income." However, the account was closed on June 2, 2015 according to page 5, paragraph 4(e) of the Indictment. The indictment fails to apprise why the Indictment accuses Mr. Shrock of depositing and withdrawing money from such account through June 30, 2015, when the account was closed almost a month earlier.

Indeed, there appears to be some error in the Indictment, as it alleges on page 5 that the White Top bank account was closed on June 2, 2015, but in paragraph 7 alleges that the same bank account was used until June 30, 2015. Funds could not be deposited or withdrawn through June 30, 2015 as alleged if the bank account was in fact closed on June 2, 2015. Thus, the Court grants Defendants' request for a more definite statement of this allegation. *Sullivan v. United States,* 411 F.2d 556, 558 (10th Cir. 1969) ("If the accused desired more definite information for the proper preparation of a defense and to avoid prejudicial surprise, the remedy was by motion for a bill of particulars . . . ."); *United States v. Dunn,* 841 F.2d 1026, 1030 (10th Cir.1988) (stating that a defendant is "not entitled to all of the evidence the government intends to produce, but only the theory of the government's case.").

Under Count 1, request 5, Defendants request the identities of the LLCs involved. The indictment does not specify the 192 allegedly involved. The lack of the identities of the LLCs referred to in Count 1 prevent both Wellington and Shrock from being able to plead double jeopardy should another prosecution be instituted naming one or more of the unnamed LLC. Thus, the government shall provide the identities.

Finally, under Count 1, request 1, Defendants state:

Paragraph 2 alleges the impeding, impairing, obstructing and defeating the lawful functions of the IRS in the collection of the revenue: to wit, income and probate taxes. There are two concerns in paragraph 2: first, what probate taxes does the IRS have authority to collect? and second, whose or what entity's income taxes are being collected by the IRS?

The Indictment does not specify a connection between the money involved in this case and the powers of the IRS, which is a legal question upon which the indictment is partially based. Thus, the Government shall specify. *Id*. (stating that the defendant is entitled to the theory of the government's case).

## CONCLUSION

In sum, Defendants' request for a Bill of Particulars is denied, except as to Introductory paragraph 2 and Count 1, requests 1 and 5. The government shall provide a more definite statement explaining the parameters of when the White Top bank account was in use, shall specify the identities of the LLCs allegedly created and involved, and shall specify the connection between the powers of the IRS and the income and probate taxes alleged in the indictment.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE