IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 No. 1:21-cr-00853-WJ-1

DAVID WELLINGTON,

    Defendant,

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT WELLINGTON'S MOTION TO DISMISS COUNT 2

**THIS MATTER** is before the Court on the Defendant Wellington's Motion to Dismiss Count 2 (**Doc. 57**) of the Indictment. Having considered the written arguments of counsel and the applicable law, the Court concludes the statute of limitations does not bar the United States from prosecuting Mr. Wellington for Count 2. In Count 2, Mr. Wellington was indicted for violating 18 U.S.C § 1960 by knowingly conducting, controlling, managing, supervising, directing, or owning an unlicensed money transmitting business from November 28, 2006, until August 28, 2017. Because the Court concludes that this offense is a "continuing offense," the statute of limitations did not begin to run until the last day on which the offense was allegedly committed— i.e., August 28, 2017. Accordingly, the filing of the Indictment on June 23, 2021, was timely.

## BACKGROUND

This is the second motion Mr. Wellington has filed seeking to dismiss Count 2 on statute-of-limitations grounds. The first was a joint motion to dismiss. **Doc. 41**. In this joint motion, Mr. Wellington argued the Indictment did not include sufficient factual allegations to "enable Mr. Wellington, or the court, to determine the beginning date of the statute of limitations."

*Id.* at 13. The Court issued a Memorandum Order and Opinion Granting In Part and Denying In Part Defendants' Motion to Dismiss. **Doc. 55**. In its Order, the Court denied Mr. Wellington's request to dismiss Count 2, concluding the Indictment's factual allegations that Mr. Wellington operated an unlicensed money transmitting business until August 28, 2017, sufficiently enabled him to determine when the statute of limitations began. *Id.* **at 17**. Although it was strongly implied, the Court's order did not explicitly state that the statute of limitations for Count 2 began to run on August 28, 2017. To clarify this and to raise a new argument for dismissal of Count 2, Mr. Wellington filed the present motion to dismiss. **Doc. 57**. Mr. Wellington now contends Count 2 must be dismissed because 18 U.S.C. § 1960 is not a continuing offense; thus, the five-year statute of limitations for this crime had expired by the time Mr. Wellington was indicted. The Court is not persuaded and concludes § 1960 is a continuing offense and thus the Indictment was timely filed.

## DISCUSSION

Defendant Wellington maintains the statute of limitations for Count 2 expired. Count 2 charges Mr. Wellington with the following crime:

> From on or about November 28, 2006, and continuing until on or about August 28, 2011, in Bernalillo County, in the District of New Mexico and elsewhere, the defendant, **DAVID WELLINGTON**, unlawfully, willfully, and knowingly conducted, controlled, managed, supervised, directed, and owned part of an unlicensed money transmitting business affecting interstate and foreign commerce, to wit, National Business Services LLC, while failing to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code, and regulations prescribed under such section, and while failing to register National Business Services LLC as a money transmitting business under federal law. In violation of 18 U.S.C. § 1960.

**Doc. 13**. Both parties agree the five-year statute of limitations under 18 U.S.C. § 3282(a) applies. However, the parties disagree about when the statute of limitations began to run. This disagreement ultimately hinges on the legal question of whether § 1960 criminalizes a "continuing offense."

"Statutes of limitations normally begin to run when the crime is complete." *United States v. Reitmeyer*, 356 F.3d 1313, 1317 (10th Cir. 2004) (citation omitted). And, typically, a "crime is complete as soon as every element in the crime occurs." *Id.* (citation omitted). However, an exception to this rule exists for "continuing offenses." The Tenth Circuit has described a continuing offense as one involving "a prolonged course of conduct," which "is not complete until the conduct has run its course." *United States v. Dunne*, 324 F.3d 1158, 1164 (10th Cir. 2003) (citation omitted). For a continuing offense, the statute of limitations generally does "not begin to run until the last day on which the offense[] w[as] committed." *United States v. Jaynes*, 75 F.3d 1493, 1505 (10th Cir. 1996).

The Supreme Court has made clear that an offense should not be considered continuing for statute-of-limitations purposes "unless [1] the explicit language of the substantive criminal statute compels such a conclusion, or [2] the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Toussie v. United States*, 397 U.S. 112, 115 (1970). This reluctance to imply continuing offenses is rooted in the "tension between the purpose of a statute of limitations and the continuing offense doctrine." *Id.* at 115. The Supreme Court has emphasized the importance of statutes of limitations:

> The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity.

*Id.* at 114-15. For these reasons, the Supreme Court has held that "criminal limitations statutes are to be liberally interpreted in favor of repose." *Id.* at 115. However, these considerations "do not mean that a particular offense should never be construed as a continuing one." *Id.*

No court appears to have passed on whether § 1960 is a continuing offense for statute-of-limitations purposes.[1] Thus, to answer this novel question, the Court will apply the test prescribed by the Supreme Court: The Court will first determine whether the explicit language of § 1960 compels the conclusion that it is a continuing offense; if it does not compel such a conclusion, the Court will then assess whether the nature of the crime under § 1960 is such that Congress must have intended that it be treated as continuing. *See Toussie*, 397 U.S. at 115.

I.    **Operating an Unlicensed Money Transmitting Business Is Not a Continuing Offense under the Explicit Language of 18 U.S.C. § 1960.**

To determine whether a violation of § 1960 is a continuing offense, the Court first looks to the language of the statute. Under § 1960, "Whoever knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business, shall be fined in accordance with this title or imprisoned not more than 5 years, or both." The Government contends the explicit language of the statute compels the conclusion that it is a continuing offense. The Court is not persuaded.

The Tenth Circuit has repeatedly emphasized that if Congress intended a given crime to be a continuing offense, "it could have clearly stated so." *Dunne*, 324 F.3d at 1164. To find explicit statutory language compels a continuing offense, the Tenth Circuit appears to require the words "continuing offense" to actually appear in the statute. *See e.g.*, *Dunne*, 324 F.3d at 1164 (quoting 18 U.S.C. § 3284 as example of explicit statutory language) ("'The concealment of assets of a debtor' in a Chapter 11 case 'shall be deemed to be a continuing offense' until the date of final bankruptcy discharge."); *Reitmeyer*, 356 F.3d at 1322 (quoting 50 U.S.C. § 856 as example of explicit statutory language) ("Failure to file a registration statement . . . is a continuing offense for

---

[1] The parties did not cite any cases directly on point nor did the Court find any.

as long as such failure exists, notwithstanding any statute of limitation or other statute to the contrary."). Here, § 1960 does not contain the words "continuing offense" or any similar language; accordingly, the Court agrees with Defendant that the statutory language does not compel the conclusion that operating an unlicensed money transmitting business is a continuing offense. Having so concluded, the Court will now analyze whether "the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Toussie*, 397 U.S. at 115.

**II.     The Nature of Operating an Unlicensed Money Transmitting Business Is Such that Congress Must Have Intended It to Be a Continuing Offense.**

The parties fundamentally disagree about the nature of the charged crime. Mr. Wellington characterizes the alleged violation of § 1960 as a "discrete failure to register a money transmission business," **doc. 61 at 11**; whereas the Government describes the violation as the "ongoing operation of the business," **doc. 59 at 4**. Based on these different characterizations, each party argues for a different statute-of-limitations start date. Mr. Wellington asserts the statute of limitations began to run when he failed to comply with the registration requirements under 31 U.S.C. § 5330, which would put the start date 180 days after Mr. Wellington established the money transmission business on or about November 28, 2006. The Government, however, argues the statute of limitations began when the offense of operating the business ended, which would put the start date on or about August 28, 2017.

The parties' disagreement boils down to a dispute over whether § 1960 criminalizes a discrete or prolonged course of conduct. "If a crime is discrete, it is less likely Congress 'assuredly intended' the crime to be a 'continuing offense.'" *Reitmeyer*, 356 F.3d at 1322. Conversely, if the crime involves "a prolonged course of conduct," it is more likely to be a "continuing offense." *Toussie*, 397 U.S. at 120.

5

The Tenth Circuit has sparingly implied continuing offenses. *See e.g.*, *Reitmeyer*, 356 F.3d at 1322 (holding execution of scheme under Major Fraud Act is not continuing offense); *United States v. Payne*, 978 F.2d 1177, 1181 (10th Cir. 1992) (concluding false representation of social security numbers is not continuing offense); *Dunne*, 324 F.3d at 1159 (ruling false statement within jurisdiction of Securities and Exchange Commission is not continuing offense). *But see Jaynes*, 75 F.3d at 1505 (concluding conspiracy is continuing offense). However, narrowly applying the continuing offense doctrine does not mean that courts can never find continuing offenses. In fact, the Supreme Court, circuit courts, and courts in this district have all found offenses to be continuing for statute-of-limitations purposes. *See, e.g.*, *United States v. Kissel*, 218 U.S. 601, 610 (1910) (**conspiracy**); *United States v. Bailey*, 444 U.S. 394, 413 (1980) (**escape**); *United States v. Jaynes*, 75 F.3d 1493, 1505 (10th Cir. 1996) (**conspiracy**); *United States v. Maher*, 955 F.3d 880, 886 (11th Cir. 2020) (**retaining government property**); *United States v. Edelkind*, 525 F.3d 388, 393 (5th Cir. 2008) (**failure to pay child support**); *United States v. Garcia*, 854 F.2d 340, 344 (9th Cir. 1988) (**kidnapping**); *United States v. Smith*, 373 F.3d 561, 568 (4th Cir. 2004) (**embezzlement**); *United States v. Clark*, No. CR 08-2831 JH, 2012 WL 13081234, at *3 (D.N.M. Jan. 13, 2012) (**international kidnapping**); *United States v. Olivas-Perea*, 297 F. Supp. 3d 1191, 1207 (D.N.M. 2017) (**illegal reentry**).

The Court agrees with the Government that the nature of § 1960 evinces a clear Congressional intent to criminalize a prolonged course of conduct; thus, § 1960 is a continuing offense. Section 1960 was enacted to punish anyone who "knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business." 18 U.S.C. § 1960(a). Certainly, the money transmitting business being "unlicensed" is an essential element of the crime, but contrary to Defendant's contentions, the nature of the crime is not failing to

register a money transmitting business but rather knowingly operating an unlicensed money transmitting business.[2]

As the Government points out, "In enacting § 1960, Congress could have focused on discrete acts such as business transactions"; however, "Congress rejected that approach and opted to criminalize the continuing operation of the business rather than the completion of any single business act." **Doc. 59 at 4**. This argument is well taken. Had Congress intended to criminalize each act of money transmitting as Defendant contends, *see* **Doc. 61 at 8**, Congress could have narrowed the scope of § 1960. *See e.g.*, *Reitmeyer*, 356 F.3d at 1323 ("[T]he Major Fraud Act criminalizes each discrete 'execution' of a scheme rather than the scheme in its entirety. Once an 'execution' is complete, the crime has ended, and additional acts do not violate the statute unless they independently constitute a separate 'execution' or 'attempted execution' of a scheme.").

But Congress did not do so. Instead, Congress enacted legislation to punish anyone who "knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business." § 1960. The nature of this crime is continuing in that "each day's acts bring a renewed threat of the substantive evil Congress sought to prevent." *Toussie*, 397 U.S.

---

[2] The Defendant also insists § 1960 is not a continuing offense under *Toussie v. United States*, 397 U.S. 112 (1970). However, *Toussie* does not provide an apt analogy. In *Toussie*, the Supreme Court was called on to determine whether the defendant's failure to register for the draft within five days of his eighteenth birthday was a continuing offense. *Id.* at 114-15. The Supreme Court concluded it was not. *Id.* at 119. In *Toussie*, the statute at issue clearly prohibited failing to register, but failing to register is not the crime § 1960 contemplates. *Compare Toussie*, 397 U.S. at 113 (requiring male citizens "between the ages of eighteen and twenty-six, to present [themselves] for and submit to registration at such time . . . and place. . . as shall be determined by proclamation of the President"), *with* § 1960 (fining or imprisoning anyone who "knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business"). Thus, *Toussie* does not govern.

at 122. Because § 1960 criminalizes a prolonged course of conduct, the Court is left with the firm conviction that Congress must have intended § 1960 be treated as a continuing offense.[3]

### III. The Statute of Limitations Began to Run the Last Day Mr. Wellington Allegedly Operated an Unlicensed Money Transmission Business—i.e., August 28, 2017.

Defendant seeks clarity regarding exactly when the statute of limitations began to run on Count 2 of the Indictment. Because § 1960 is a continuing offense, the Court finds the statute of limitations for Count 2 did "not begin to run until the last day on which the offense[] w[as] committed." *Jaynes*, 75 F.3d at 1505. According to the Indictment, Mr. Wellington violated § 1960 "[f]rom on or about November 28, 2006, . . . until on or about August 28, 2017." **Doc. 13 at 6**. In reviewing a motion to dismiss an indictment on statute-of-limitations grounds, the Court tests the indictment "solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *Reitmeyer*, 356 F.3d at 1316-17. Taking the allegations in the Indictment as true, the statute of limitations began to run on August 28, 2017, the last day on which the alleged offense was committed. With August 28, 2017, as the start date, the Indictment was timely filed within the five-year statute of limitations period.

### CONCLUSION

The Court concludes a violation of 18 U.S.C. § 1960 constitutes a continuing offense for statute-of-limitations purposes. Because the offense of operating an unlicensed money transmitting business is a continuing offense, the statute of limitations did not begin to run until the last day on which the offense was committed, which according to the Indictment was August 28, 2017. Thus,

---

[3] Assuming § 1960 is a continuing offense, the Defendant argues *arguendo* that the Indictment contains insufficient facts regarding the execution of the money transmission business, particularly allegations that Mr. Wellington accepted and transmitted currency, which Defendant contends are essential elements of the charged crime. **Doc. 61 at 8-11.** The Court has already addressed similar arguments and upheld the sufficiency of the factual allegations in Count 2 of the Indictment. *See* **Doc. 55 at 12-17**. Thus, the Court need not address this argument again.

the filing of the Indictment on June 23, 2021, was timely, and so Defendant's Motion to Dismiss Count 2 (**Doc. 57**) is **DENIED**.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE