IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                     Case No. 1:21-cr-000853-WJ-JMR

**DAVID WELLINGTON,**

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO SUSPEND RESTITUTION PAYMENTS

This matter is before the Court on defendant David Wellington's pro se motion, filed July 11, 2025, to suspend the restitution payment schedule imposed by the Court as part of his sentence (Motion).  **[Doc. 173]**.

In April 2024, Mr. Wellington entered into a written plea agreement, admitting to one count of conspiring to defraud the United States in violation of 18 U.S.C. § 371.  [Doc. 86].  As part of Mr. Wellington's prospective sentence, the plea agreement contemplated a restitution order in an "amount to be determined by the Court, for which the Defendant responsible [sic] jointly and severally with" co-defendant Jerry Shrock and defendant Stacy Underwood, pursuant to the Mandatory Victim's Restitution Act (MVRA), 18 U.S.C. § 3663A, if applicable, or further to the Court's authority under 18 U.S.C. §§ 3663 and 3664.  [*Id.* at 12].  The MVRA applies to this case involving fraud against the United States.  *See* 18 U.S.C. § 3663A(c)(1)(ii); *see, e.g.*, *United States v. Senty-Haugen*, 449 F.3d 862, 865 (8th Cir. 2006) (district court properly ordered defendant convicted of conspiracy to defraud the United States to pay restitution to the IRS under the MVRA).

In September 2024, the Court sentenced Mr. Wellington to a term of imprisonment of 40 months and directed him to pay — jointly and severally with his co-defendant and defendant Underwood — $5,556,066.96, the tax loss in this case, in restitution to the IRS. [Doc. 152 (Judgment)]. In the event Mr. Wellington is unable to pay the amount owed, the Court imposed a monthly payment schedule of the greater of $1,000 or 10% of gross monthly income. [*Id.*]

Mr. Wellington, who is presently incarcerated at FCI La Tuna, asserts that he is unable to find work generating sufficient monthly income to cover the $1,000 minimum payment. [Mot. at 1–2]. Mr. Wellington participates in the BOP's UNICOR program, and he states that the maximum pay at his pay grade is $1.38 per day. A month's work at a full-time schedule therefore yields about $30. [*Id.*] FCI La Tuna staff deduct $25 from Mr. Wellington's earnings each month in connection with the restitution order. Mr. Wellington states that this leaves him with little money to purchase "phone calls, emails, postage, typing supplies, envelopes, etc." from commissary, items he asserts he "must" have. [*Id.* at 2]. The United States takes no position on the disposition of the Motion. [Doc. 174].

## I.   APPLICABLE LAW

While the MVRA excludes the defendant's financial circumstances from the calculation of a total restitution amount, when fashioning a restitution order, a court considers the procedures set forth in 18 U.S.C. § 3664. 18 U.S.C. § 3663A. Section 3664 provides that in setting the "manner in which, and the schedule according to which" restitution is to be paid, a court shall consider "the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled," "projected earnings and other income of the defendant," and "any financial obligations of the defendant; including obligations to dependents." 18 U.S.C. § 3664(f)(2)(A)–(C).

A district court lacks authority to reduce the total restitution amount, and a restitution order is final, subject to certain enumerated and exhaustive exceptions in § 3664(o), pursuant to which the Court may "on its own motion, or the motion of any party . . . adjust the payment schedule . . . as the interests of justice require." *See* 18 U.S.C. § 3664(k); *United States v. Wyss*, 744 F.3d 1214, 1219 (10th Cir. 2014) (court "extremely skeptical" that a restitution order can be amended absent a demonstration of one of the factors in § 3664(o)) (quoting *United States v. Grant*, 715 F.3d 552 (4th Cir. 2013))). Section 3664(o) allows correction under Fed. R. Crim. P. 35 and 18 U.S.C. § 3742, appeal and modification under § 3742, amendment under § 3664(d)(5), and adjustment under §§ 3664(k), 3572, or 3613A. 18 U.S.C. § 3664(o). Under § 3664(k), the court may "relax the manner of payment" upon notice by the Defendant of a "material change" in his "economic circumstances" and certification by the Attorney General that the victims have been notified of the "change in circumstances." 18 U.S.C. § 3664(k); *Wyss*, 744 F.3d at 1219.

## II.     DISCUSSION

The Tenth Circuit has made clear that § 3664(o) sets out the sole means by which a restitution order may be modified. *Wyss*, 744 F.3d at 1219. Within § 3664(o), the only section of potential application is § 3664(k).[1] Section 3664(k) requires the defendant to set forth facts indicating a "material change" in financial circumstances. While Mr. Wellington makes a compelling showing that he is indigent, he does not present evidence indicating that changed circumstances have rendered him less able to pay now than he was when the Court imposed the order. The Court assessed a payment schedule in recognition of the fact that Mr. Wellington was incarcerated and lacked the resources to pay the full loss amount immediately. The Court also evaluated the

---

[1] Mr. Wellington does not seek to correct an error in, Fed. R. Crim. P. 35, appeal or modify, § 3742, or amend, his sentence, § 3664(d)(5).

3

defendant's "financial resources," "projected earnings and other income," and "financial obligations . . . including obligations to dependents." *See* § 3664(f)(2)(A)–(C). Mr. Wellington has not shown that his financial circumstances have changed since the Court made its determination.

Further, as the United States notes, Mr. Wellington accepted the consequences of his plea agreement, which comprehended the imposition of restitution pursuant to the MVRA. [*See* Doc. 86 at 12 ("The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution . . . . [and] the Defendant agrees to pay restitution in a total principal amount to be determined by the Court.")]. As part of this agreement, Mr. Wellington waived his right to appeal "any order of restitution entered by the Court." That waiver "extends to any challenge to the manner in which the sentence was determined or imposed." [*Id.* at 13].

The record indicates that Mr. Wellington's compliance with the temporary payment schedule constructed by the BOP requires him to forego the majority of his income. The Court recognizes that that reality imposes some hardship. Hypothetically, one avenue to relief would be to find the interests of justice warrant an amendment "relax[ing] [] the manner of payment," *Wyss*, 744 F.3d at 1219, based on Mr. Wellington's inability to pay.

However, to do so would plainly exceed the authority prescribed by § 3664(k). First, Mr. Wellington has not shown changed economic circumstances. *United States v. Bowen*, 225 F. App'x 765, 768–69 (10th Cir. 2007) (district court did not err in denying defendant's restitution motions where defendant had not "shown a 'material change' in his 'economic circumstances,' as required by [] § 3664(k) for an adjustment in his restitution judgment."); *United States v. Burrell*, No. 21-cr-20393-1, 2025 WL 1161452, at *2 n. 1 (E.D. Mich. Apr. 21, 2025) ("To the extent § 3664(k) could apply, Defendant does not identify a material change in her economic circumstances that

4

affects her ability to make restitution payments . . . . Thus, relief under § 3664(k) is not warranted.") (citation omitted). Second, "even if [Mr. Wellington] met this requirement, the language of '*adjusting* the payment schedule' clearly does not compel the [Court] to authorize [a] . . . *suspension* of all payments." *Williams v. United States*, 120 F. App'x 284, 285 (10th Cir. 2005). The plain text of § 3664(k) therefore does not permit, let alone compel, the relief Mr. Wellington seeks.

Because Mr. Wellington has not made the statutorily required showing to merit relief under § 3664, he, in essence, seeks to correct or amend the sentence imposed one year ago, which is not permissible outside a 28 U.S.C. § 2255 motion. *See Wallette v. Wilner*, 321 F. App'x 735, 738 (10th Cir. 2009) (a defendant may "attack the validity of his sentence only through a 28 U.S.C. § 2255 petition" filed in the sentencing court); *United States v. May*, 500 F. App'x 458, 460 (6th Cir. 2012) ("A district court's power to revisit a sentence once imposed is extremely limited."). [*See* Doc. 158]. Alternatively, if the relief Mr. Wellington really seeks is to change the payment plan fashioned by the BOP, that must be done via a 28 U.S.C. § 2241 motion, after exhausting administrative remedies. *See United States v. Diggs*, 578 F.3d 318, 319–20 (5th Cir. 2009). Mr. Wellington waived his right to collaterally attack his sentence pursuant to 28 U.S.C. §§ 2241, 2255. [Doc. 86].

Moreover, in a practical sense, Mr. Wellington has not shown that his inability to comply has any substantial impact, legal or otherwise, apart from depleting Mr. Wellington's cash reserves for incidentals in prison. *Cf. United States v. Coleman*, 276 F. App'x 766, 767 (10th Cir. 2008) (defendant claimed that unless he was relieved of obligation to pay restitution while incarcerated, the BOP would place him on "refusal status"). To the extent Mr. Wellington asserts he lacks funds to purchase "phone calls, emails, postage, typing supplies, envelopes, etc.," presumably at least in

part for the purpose of filing post-conviction motions in this Court, the Tenth Circuit has indicated that it is not unlawful for a restitution order to require prisoners to "make economic decisions about filing lawsuits." *Shabazz v. Parsons*, 127 F.3d 1246, 1249 (10th Cir. 1997). Mr. Wellington points to no authority or factual distinction that would render his case exceptional.

### III.   CONCLUSION

Mr. Wellington does not offer support for the district court's discretion to suspend restitution payments during his term of imprisonment in the absence of changed financial circumstances, nor does he suggest his financial circumstances have changed so as to justify modification of the terms of his payment schedule. Thus, suspension of his payment schedule is not authorized by statute.

The Motion must therefore be **DENIED**. It is so **ORDERED.**

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE